### ROBINSON, Plaintiff-Appellee, v. FIRST NATIONAL BANK, Defendant-Appellant.

Ohio Appeals, Second District, Greene County.

No. 560.   Decided October 28, 1955.

Aultman, Shaw & Cox, Xenia, for plaintiff-appellee.
Schlafman & Elliott, Fairborn, for defendant-appellant.

(CONN, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By MILLER, PJ.

This is a law appeal from a judgment of the Common Pleas Court in favor of the plaintiff-appellee and rendered upon the verdict of a jury. The action was one seeking a certain sum of money alleged to have been deposited with the defendant-appellant bank.

The record reveals that on or about April 20, 1953, the plaintiff, Wesley J. Robinson, opened a savings account with the First National Bank of Fairborn, Ohio, the defendant herein, at which time he signed a signature card indicating that the money was to be withdrawn only on that one signature; that subsequently deposits were made in monthly installments which finally aggregated the sum of $1786.18, including interest, which was the amount prayed for in the petition. All of the aforesaid business was transacted through the United States mail with the exception, however, that some of the deposits were made by the plaintiff's wife who resided in the locality while her husband was in the United States armed services in Korea. These deposits were made with checks payable to the bank but sent to her for the purpose of depositing the same. Upon demand being made by the husband for payment the same was refused for the reason that the wife had withdrawn all of the money on her own signature.

The plaintiff claimed that the payment to the wife was not authorized by him and therefore any payments made to her were in violation of his contract with the bank. The bank defended upon the ground that the husband had notified it by letter to change the account to a joint one with the wife. This, therefore, became the principal question, which was resolved by the jury in favor of the plaintiff. The bank was not able to produce this most important letter, claiming that it had been lost. The next best evidence was then offered which consisted of the testimony of one of the mail clerks at the bank testifying that she had received such a letter and that the same was lost. The plaintiff denied writing such a document but says that he wrote the bank advising it that his wife would make some future deposits for him. In **Speroff v. The First-Central Trust Co., 149 Oh St 415,** the Court held in **paragraph 1** of the syllabus:

"The relationship between a bank and a general depositor is that of debtor and creditor."

And continuing at page 417 Weygandt, Chief Justice, says:

"The bank agrees with its depositor to receive his deposits, to account with him for the amount, to repay to him on demand, and to honor his checks to the amount of his credit when the checks are presented; and for any breach of that agreement the bank is liable to an action by him."

It is our conclusion that the evidence supports the verdict and the same will not be disturbed.

The defendant also contends that the Court erred in rejecting the testimony of the wife which was proffered and which related to the

need of the money for the support of herself and one year old child. This was objected to and the objection sustained. It is urged that this constituted prejudicial error; that if the money was necessary for the support of the plaintiff's family the bank could, as a matter of law, pay the money to her. We cannot concur in such a conclusion because as previously stated the relationship between these parties was a contractual one, the terms of which required full compliance. The testimony proffered was immaterial to the issues presented and the court did not err in its ruling.

We find none of the errors assigned well made and the judgment will be affirmed.

HORNBECK and CONN, JJ, concur.